—————————————————

No. 24-1465

**IN THE UNITED STATES COURT OF APPEALS**
*for the*
**FOURTH CIRCUIT**

—————————————————

SUSAN SCHARPF and ANTHONY D'ARMIENTO,
on behalf of themselves and all others similarly situated

*Plaintiffs-Appellants,*

v.

GENERAL DYNAMICS CORP.; BATH IRON WORKS CORP.;
ELECTRIC BOAT CORP.; GENERAL DYNAMICS INFORMATION
TECHNOLOGY, INC.; HUNTINGTON INGALLS INDUSTRIES,
INC.; NEWPORT NEWS SHIPBUILDING AND DRY DOCK CO.;
INGALLS SHIPBUILDING, INC.; HII MISSION TECHNOLOGIES
CORP.; HII FLEET SUPPORT GROUP LLC; MARINETTE MARINE
CORPORATION; BOLLINGER SHIPYARDS, LLC; GIBBS & COX,
INC.; SERCO, INC.; CACI INTERNATIONAL, INC.; THE
COLUMBIA GROUP, INC.; THOR SOLUTIONS, LLC; TRIDENTIS,
LLC; FASTSTREAM RECRUITMENT LTD.,

*Defendants-Appellees.*

*On Appeal from the United States District Court*
*for the Eastern District of Virginia at Alexandria*
No. 1:23-cv-01372-AJT-WEF

—————————————————

**DEFENDANTS-APPELLEES' MOTION TO STAY MANDATE**
**PENDING FILING OF PETITION FOR WRIT OF CERTIORARI**

—————————————————

*Counsel for Defendants-Appellees Listed*
*on the Following Page*

Adam Block Schwartz
Todd Stenerson
David Higbee
Djordje Petkoski
Joseph Paul Samuels
ALLEN OVERY SHEARMAN
STERLING US LLP
1101 New York Avenue, NW
Washington, DC 20005
Tel: (202) 508-8000

Sima Namiri-Kalantari
CROWELL & MORING LLP
515 South Flower Street
40th Floor
Los Angeles, CA 90071
Tel: (213) 622-4750

Chahira Solh
CROWELL & MORING LLP
3 Park Plaza
20th Floor
Irvine, CA 92614
Tel: (949) 263-8400

*Counsel for Defendants-Appellees
Huntington Ingalls Industries,
Inc., HII Fleet Support Group
LLC, HII Mission Technologies
Corp., Ingalls Shipbuilding, Inc.,
and Newport News Shipbuilding
and Dry Dock Co.*

John F. Terzaken, III
Abram J. Ellis
SIMPSON THACHER &
BARTLETT LLP

Matthew S. Hellman
Douglas E. Litvack
Elizabeth B. Deutsch
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000

Michael A. Doornweerd
Gabriel K. Gillett
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Tel: (312) 923-2631

David G. Barger
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard
Suite 1000
McLean, VA 22102
Tel: (703) 749-1307

*Counsel for Defendants-Appellees
Bath Iron Works Corp., Electric
Boat Corp., General Dynamics
Corp., and General Dynamics
Information Technology, Inc.*

Attison L. Barnes, III
Krystal B. Swendsboe
Scott M. McCaleb
Jon W. Burd
WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
Tel: (202) 719-7000

900 G Street, NW
Washington, DC 20001
Tel: (202) 636-5500

Allison W. Reimann
GODFREY & KAHN, S.C.
One East Main Street
Suite 500
Madison, WI 53703
Tel: (608) 257-3911

Sean O'D. Bosack
Christie B. Carrino
GODFREY & KAHN, S.C.
833 East Michigan Street
Suite 1800
Milwaukee, WI 53202
Tel: (414) 273-3500

*Counsel for Defendant-Appellee
Marinette Marine Corp.*

Perry Lange
Jennifer Milici
John W. O'Toole
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 663-6000

*Counsel for Defendant-Appellee
Gibbs & Cox, Inc.*

William T. DeVinney
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road
Suite 750

*Counsel for Defendant-Appellee
Bollinger Shipyards, LLC*

Benjamin L. Hatch
Casey Erin Lucier
MCGUIREWOODS LLP
888 16th Street, NW
Washington, DC 20006
Tel: (202) 857-1700

J. Brent Justus
Nicholas J. Giles
Joshua D. Wade
W. Cole Geddy
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1018

*Counsel for Defendant-Appellee
Serco, Inc.*

Christopher C. Brewer
Ryan P. Phair
Michael F. Murray
Craig Y. Lee
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 551-1700

*Counsel for Defendant-Appellee
CACI International Inc.*

Matthew J. MacLean
Alvin Dunn

Tysons Corner, VA 22182
Tel: (703) 942-8076

*Counsel for Defendant-Appellee*
*The Columbia Group, Inc.*

William Lawler
Amanda C. DeLaPerriere
BLANK ROME LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: (202) 420-2249

*Counsel for Defendant-Appellee*
*Tridentis, LLC*

PILLSBURY WINTHROP SHAW
PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
Tel: (202) 663-8183

*Counsel for Defendant-Appellee*
*Thor Solutions, LLC*

## INTRODUCTION

Pursuant to Rule 41(d) of the Federal Rules of Appellate Procedure and Local Rule 41, Defendants-Appellees ("Defendants") respectfully move this Court to stay the issuance of the mandate pending Defendants' filing of a petition for a writ of certiorari in the United States Supreme Court. Defendants intend to file their petition within the 90-day period prescribed by Supreme Court Rule 13. Pursuant to Local Rule 27(a), Plaintiffs' counsel have been informed of this motion and state that they oppose the relief sought.

As explained below, Defendants satisfy Rule 41's two requirements for staying the mandate.

***First***, Defendants' petition will present a "substantial question" that is "not frivolous or filed merely for delay." L.R. 41. The petition will present a question that has recurred repeatedly and divided this Court and others: whether a bare allegation of an unwritten agreement is sufficient to plead fraudulent concealment. The very fact that this panel was divided on that question demonstrates its substantialness, as does the fact that other Circuits have disagreed with the approach taken by the panel majority. At least two other Circuits have expressly held that

allegations of secretive conduct or nondisclosure of illegality are insufficient to plead fraudulent concealment, and no other court has ever held that merely alleging an unwritten agreement is sufficient to plead fraudulent concealment.

The question presented is also important. If alleging an unwritten agreement is sufficient to plead fraudulent concealment, then a plaintiff can avoid a motion to dismiss based on the statute of limitations in almost any antitrust conspiracy case, or indeed any kind of conspiracy case. That in turn operates as a free pass to sprawling, expensive discovery attempting to unearth ancient documents and recover long-ago-faded memories. It also frustrates the powerful interest in repose underlying Congress's decision to enact a limitations period in the first place. These are issues about which the Supreme Court (and this Court) have repeatedly expressed concern. There is a reasonable probability that the Supreme Court will review this important and recurring question that has divided this Court and other Circuits.

**Second**, there is "good cause for a stay," L.R. 41, because the balance of equities weighs firmly in favor of Defendants. Discovery costs in antitrust cases are infamously massive, and they are even more so in

cases like this one involving allegations of a conspiracy stretching back decades and involving more than a dozen Defendants spread across the country. Plaintiffs admit that they must plead fraudulent concealment for their claims to move forward. And the adequacy of Plaintiffs' concealment allegations is a threshold issue that should be resolved before Defendants are required to devote any further substantial resources to defending this matter.

Indeed, without a stay, several Defendants may never have a chance to seek Supreme Court review. As the accompanying declarations explain, the discovery costs in this case would threaten the profitability if not viability of some Defendants. Absent a stay, those Defendants face a Hobson's choice between forgoing review or forgoing staying in business. Conversely, Plaintiffs would not suffer any prejudice from a stay. The claims in this case were a decade or more old when Plaintiffs brought them. A stay to maintain the status quo for a short additional period to allow the Supreme Court to decide whether to grant review will not harm Plaintiffs and is more than justified.

## BACKGROUND

Defendants are shipbuilders and engineering consultancies that contract to design, build, and service public vessels and "the most powerful military fleet in the world." JA041-42 ¶¶ 1-3; JA066-67 ¶¶ 116-118; JA070 ¶ 129. Plaintiffs previously worked as "naval engineers" for some of the Defendants. Plaintiff Anthony D'Armiento worked in the industry from 2002 to 2004; Plaintiff Susan Scharpf worked from 2007 to 2013. JA048 ¶¶ 19-20; JA066-68 ¶¶ 116, 121-122.

Plaintiffs allege that since "at least 2000, and likely" since the 1980s, Defendants have maintained an "informal 'gentlemen's agreement' among themselves not to recruit each other's naval engineers." JA044-45 ¶ 9. Plaintiffs allege the "origins" of the decades-long agreement are "obscure." JA079 ¶ 160.

In October 2023, Plaintiffs sued on behalf of a putative nationwide class of naval engineers who worked in the industry at any point since January 1, 2000. Plaintiffs do not dispute that their claims accrued no later than 2004 and 2013, respectively, and are subject to a four-year limitations period. Plaintiffs contended their lawsuit is "not time-barred," however, only because Defendants allegedly "affirmatively

concealed" their supposed "secret agreement" by "avoiding putting anything in writing." JA095-96 ¶¶ 204-206.

The district court held that Plaintiffs failed to adequately plead fraudulent concealment and dismissed their claims as untimely, concluding that Plaintiffs had not pled an affirmative act of concealment with the particularity required by Rule 9(b). Plaintiffs appealed. On May 9, 2025, a divided panel of this Court reversed, holding that an allegation that Defendants maintained an unwritten agreement "qualif[ies] as an affirmative act of concealment" that is sufficient to plead fraudulent concealment under a "relaxed" Rule 9(b) standard. Op. 9, 23-24, 24 n.7. Chief Judge Diaz dissented, agreeing with the district court that Plaintiffs' allegations did not satisfy the affirmative acts standard adopted by this Circuit and most others, under which "a plaintiff must prove that the defendants affirmatively acted to conceal their antitrust violations." Op. 28 (internal quotation marks omitted).

Defendants timely filed a petition for rehearing en banc on May 23, 2025. Dkt. 102. On June 13, 2025, this Court denied rehearing. Dkt. 110. Defendants now seek a stay of this Court's mandate pending Supreme

Court review. The mandate is otherwise scheduled to issue on June 20, 2025. *See* Fed. R. App. P. 41(b).

## ARGUMENT

The stay of a mandate pending the filing of a petition for a writ of certiorari in the Supreme Court is appropriate if the movants "show that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). Neither requirement presents a high bar. This Court's local rule states that such motions should be denied where they are "frivolous" or "filed merely for delay." L.R. 41. This motion is neither.

## I. Defendants' Petition Will Present a Substantial Question.

The first element—a substantial question—requires only that there be a "reasonable probability" that the Supreme Court would grant review. *Beaver v. Netherland*, 101 F.3d 977, 978 (4th Cir. 1996); *cf. United States v. Pleau*, 680 F.3d 1, 22 (1st Cir. 2012) (en banc) (characterizing the inquiry as "[w]hether a non-frivolous issue could be presented by a *certiorari* petition").

The Supreme Court is likely to grant a petition for a writ of *certiorari* when a Court of Appeals (1) "has decided an important question

of federal law that has not been, but should be, settled by [the Supreme] Court," Sup. Ct. R. 10(c); or (2) "has entered a decision in conflict with the decision of another United States court of appeals on the same important matter," *id.* r. 10(a). Defendants' petition will satisfy both conditions.

Whether a plaintiff can plead fraudulent concealment merely by alleging an unwritten agreement is an "important question of federal law." As a tolling doctrine "read into *all* federal statutes of limitations," *Atl. Textiles v. Avondale Inc. (In re Cotton Yarn Antitrust Litig.)*, 505 F.3d 274, 291 (4th Cir. 2007), fraudulent concealment is a threshold question to whether many time-barred claims can proceed. The panel decision dramatically expands the fraudulent concealment doctrine—and with it the age of claims that can go forward. Under the panel decision, any plaintiff capable of alleging that defendants did not write down their supposed agreement may be able to evade the limitations period indefinitely. *See* Op. 36-37 (Diaz, C.J., dissenting). The consequences of the panel majority's holding are especially substantial in putative nationwide class actions like this one, where defendants already face "extensive discovery," *Stoneridge Inv. Partners v. Sci.-Atlanta, Inc.*, 552

U.S. 148, 163 (2008), and intense pressure to settle even "questionable claims," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011).

There is also a reasonable probability that the Supreme Court will grant review because the panel decision is inconsistent with the decisions from other Circuits. The panel acknowledged that the Circuits take at least three different approaches to pleading fraudulent concealment. *See* Op. 11 n.4. And even among those Circuits that apply the affirmative acts standard, the panel's decision departs from decisions from the Sixth and Ninth Circuits addressing what kind of allegations satisfy that standard.

For example, in *Carrier Corp. v. Outokumpu Oyj*, the Sixth Circuit held that non-specific allegations that defendants "utilized covert meetings" to implement their conspiracy lacked "the requisite particularity" and did not adequately allege fraudulent concealment of the conspiracy as required to toll the statute of limitations. 673 F.3d 430, 447 (6th Cir. 2012). And the Ninth Circuit held in *Rutledge v. Boston Woven Hose & Rubber Co.* that bare "conclusory statements" that defendants concealed an illegal agreement by "resorting to secrecy to avoid detection," without alleging details "surrounding the concealment," were insufficient to plead an affirmative act of concealment. 576 F.2d

248, 250 (9th Cir. 1978). Based on these precedents, multiple district courts have squarely rejected the holding of the panel majority here and held conclusory allegations that defendants "avoided memorializing the scheme in writing" insufficient to plead fraudulent concealment. *E.g.*, *In re Animation Workers Antitrust Litig.*, 87 F. Supp. 3d 1195, 1215 (N.D. Cal. 2015); *In re Refrigerant Compressors Antitrust Litig.*, 795 F. Supp.2d 647, 663-64 (E.D. Mich. 2011) (alleging "secret or clandestine meetings" and "failure to divulge the conspiracy" insufficient to plead fraudulent concealment). Given the inter-circuit conflict presented by this Court's decision, Supreme Court review is reasonably probable.

Relevant Supreme Court case law bolsters the reasons for Supreme Court review. In a foundational fraudulent concealment case, the Supreme Court pronounced long ago that "[c]oncealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry." *Wood v. Carpenter*, 101 U.S. 135, 143 (1879). Circuit courts—including this Court—have repeatedly relied on that pronouncement to inform their view that allegations of merely engaging in secretive conduct or failing to disclose unlawful conduct does not satisfy the affirmative acts standard. *See, e.g., Edmonson v. Eagle*

*Nat'l Bank*, 922 F.3d 535, 552-53 (4th Cir. 2019); *Carrier*, 673 F.3d at 446-47; *Rx.com v. Medco Health Sols., Inc.*, 322 F. App'x 394, 398 (5th Cir. 2009); *Boland v. Consol. Multiple Listing Serv., Inc.*, 868 F.Supp.2d 506, 518 (D.S.C. 2011), *aff'd sub nom. Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278 (4th Cir. 2012). More recently, however, the Supreme Court has not expounded upon the affirmative acts standard to explain what allegations are sufficient to satisfy it. This case presents an excellent vehicle to address those important issues.

Accordingly, Defendants' petition will present a substantial question that the Supreme Court is reasonably likely to review. And Defendants' petition will plainly "not [be] frivolous or filed merely for delay." L.R. 41.

## II.    There Is Good Cause for a Stay.

The second element—good cause—is equally satisfied because the balance of equities weighs firmly in favor of preserving the status quo until the Supreme Court has an opportunity to decide whether to weigh in. *See* David G. Knibb, *Federal Court of Appeals Manual* § 34:13 (6th ed. 2021).

Absent a stay, Defendants face the prospect of extraordinarily

costly discovery given Plaintiffs' sweeping allegations of a 40-year, industry-wide conspiracy. A "potentially enormous expense" in any antitrust case, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007), that discovery will be especially intrusive, unbridled, and expensive here. It is inefficient and inequitable to require Defendants to bear those direct and indirect costs before they have an opportunity to obtain Supreme Court review of the threshold issue of the timeliness of Plaintiffs' claims. As the Seventh Circuit has explained, the rationale for granting a stay pending the filing of a petition for a writ of certiorari is precisely so that a party "not be put to the further expense of preparing for trial until" a substantial threshold question has been "decided definitively." *United States ex rel. Chandler v. Cook County*, 282 F.3d 448, 451 (7th Cir. 2002), *aff'd*, 538 U.S. 119 (2003).

Indeed, without a stay, several Defendants may *never* obtain Supreme Court review of the panel decision because the potentially ruinous discovery costs would threaten the profitability and even viability of certain Defendants and potentially put them out of business entirely. *See* Ex. A, Declaration of Johnny Walker in Support of Defendants-Appellees' Motion to Stay Mandate; Ex. B, Declaration of

Martin Arase in Support of Defendants-Appellees' Motion to Stay Mandate; Ex. C, Declaration of David Jochum in Support of Defendants-Appellees' Motion to Stay Mandate. Equity strongly favors permitting a brief stay to allow for Supreme Court review rather than requiring Defendants to immediately begin bearing the heavy burden of litigation expenses.

Equity also strongly favors allowing Defendants a full opportunity to exercise their rights to repose. As the Supreme Court has explained, limitations periods "provide 'security and stability to human affairs'" and are "vital to the welfare of society." *Gabelli v. SEC*, 568 U.S. 442, 448-49 (2013) (quoting *Wood*, 101 U.S. at 139). They are designed to "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Id.* at 448 (internal quotation marks omitted). But these powerful equitable interests would be undermined if this case were to proceed before a petition for certiorari can be decided.

Plaintiffs, on the other hand, would suffer no harm or prejudice if this Court grants a temporary stay. Evidence relevant to Plaintiffs'

claims already goes back decades, and would not grow any more stale in the few months necessary for the Supreme Court to consider the petition. Plaintiffs themselves did not bring their claims for a decade or more after leaving the industry, and no plaintiff with a more recent claim has joined their ranks. As a result, Plaintiffs and the putative class would be in the same position to resume litigating this case after the stay (or even after a decision by the Supreme Court preserving their claims) as they would be if the mandate issued on June 20, 2025.

## CONCLUSION

For the foregoing reasons, this Court should stay its mandate for 90 days, up to and including September 11, 2025, subject to further extension pursuant to Federal Rule of Appellate Procedure 41(d)(2).

June 20, 2025                    Respectfully submitted,

/s/ *Matthew S. Hellman*
Matthew S. Hellman
Douglas E. Litvack
Elizabeth B. Deutsch
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
mhellman@jenner.com
dlitvack@jenner.com

edeutsch@jenner.com

Michael A. Doornweerd
Gabriel K. Gillett
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Tel: (312) 923-2631
mdoornweerd@jenner.com
ggillett@jenner.com

David G. Barger
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard
Suite 1000
McLean, VA 22102
Tel: (703) 749-1307
bargerd@gtlaw.com

*Counsel for Defendants-Appellees Bath
Iron Works Corp., Electric Boat Corp.,
General Dynamics Corp., and General
Dynamics Information Technology, Inc.*

/s/ *Adam Block Schwartz*
Adam Block Schwartz
Todd Stenerson
David Higbee
Djordje Petkoski
Joseph Paul Samuels
ALLEN OVERY SHEARMAN
STERLING US LLP
1101 New York Avenue, NW
Washington, DC 20005
Tel: (202) 508-8000
adam.schwartz@aoshearman.com
todd.stenerson@aoshearman.com
david.higbee@aoshearman.com

djordje.petkoski@aoshearman.com
joseph.samuels@aoshearman.com

Sima Namiri-Kalantari
CROWELL & MORING LLP
515 South Flower Street
40th Floor
Los Angeles, CA 90071
Tel: (213) 622-4750
snamiri@crowell.com

Chahira Solh
CROWELL & MORING LLP
3 Park Plaza
20th Floor
Irvine, CA 92614
Tel: (949) 263-8400
csolh@crowell.com

*Counsel for Defendants-Appellees*
*Huntington Ingalls Industries, Inc.,*
*HII Fleet Support Group LLC, HII*
*Mission Technologies Corp., Ingalls*
*Shipbuilding, Inc., and Newport News*
*Shipbuilding and Dry Dock Co.*

/s/ *John F. Terzaken, III*
John F. Terzaken, III
Abram J. Ellis
SIMPSON THACHER & BARTLETT
LLP
900 G Street, NW
Washington, DC 20001
Tel: (202) 636-5500
john.terzaken@stblaw.com
aellis@stblaw.com

Allison W. Reimann

GODFREY & KAHN, S.C.
One East Main Street
Suite 500
Madison, WI 53703
Tel: (608) 257-3911
areimann@gklaw.com

Sean O'D. Bosack
Christie B. Carrino
GODFREY & KAHN, S.C.
833 East Michigan Street
Suite 1800
Milwaukee, WI 53202
Tel: (414) 273-3500
sbosack@gklaw.com
ccarrino@gklaw.com
*Counsel for Defendant-Appellee*
*Marinette Marine Corp.*

/s/ *Attison L. Barnes, III*
Attison L. Barnes, III
Krystal B. Swendsboe
Scott M. McCaleb
Jon W. Burd
WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
kswendsboe@wiley.law
smccaleb@wiley.law
jburd@wiley.law
dpark@wiley.law

*Counsel for Defendant-Appellee*
*Bollinger Shipyards, LLC*

/s/ *Perry Lange*
Perry Lange
Jennifer Milici
John W. O'Toole
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 663-6000
perry.lange@wilmerhale.com
jennifer.milici@wilmerhale.com
john.otoole@wilmerhale.com

*Counsel for Defendant-Appellee*
*Gibbs & Cox, Inc.*

/s/ *Benjamin L. Hatch*
Benjamin L. Hatch
Casey Erin Lucier
MCGUIREWOODS LLP
888 16th Street, NW
Washington, DC 20006
Tel: (202) 857-1700
bhatch@mcguirewoods.com
clucier@mcguirewoods.com

J. Brent Justus
Nicholas J. Giles
Joshua D. Wade
W. Cole Geddy
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1018
bjustus@mcguirewoods.com
ngiles@mcguirewoods.com
jwade@mcguirewoods.com

cgeddy@mcguirewoods.com

*Counsel for Defendant-Appellee*
*Serco, Inc.*

/s/ *Christopher C. Brewer*
Christopher C. Brewer
Ryan P. Phair
Michael F. Murray
Craig Y. Lee
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 551-1700
chrisbrewer@paulhastings.com
ryanphair@paulhastings.com
michaelmurray@paulhastings.com
craiglee@paulhastings.com

*Counsel for Defendant-Appellee*
*CACI International Inc.*

/s/ *William T. DeVinney*
William T. DeVinney
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road
Suite 750
Tysons Corner, VA 22182
Tel: (703) 942-8076
wdevinney@brigliahundley.com

*Counsel for Defendant-Appellee*
*The Columbia Group, Inc.*

/s/ *Matthew J. MacLean*
Matthew J. MacLean
Alvin Dunn
PILLSBURY WINTHROP SHAW

PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
Tel: (202) 663-8183
matthew.maclean@pillsburylaw.com
alvin.dunn@pillsburylaw.com

*Counsel for Defendant-Appellee*
*Thor Solutions, LLC*

/s/ *William Lawler*
William Lawler
Amanda C. DeLaPerriere
BLANK ROME LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: (202) 420-2249
william.lawler@blankrome.com
amanda.delaperriere@blankrome.com

*Counsel for Defendant-Appellee*
*Tridentis, LLC*

## CERTIFICATE OF COMPLIANCE

1.    This petition complies with the word limit of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure, as it contains 2,411 words, excluding the portions exempted by Rule 32(f).

2.    This petition complies with the typeface requirements of Rules 27(d)(1)(E) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook type.

June 20, 2025

*/s/ Matthew S. Hellman*
Matthew S. Hellman

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2025, I caused the foregoing Defendants-Appellees' Motion to Stay Mandate Pending Filing of Petition for Writ of Certiorari to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system pursuant to Local Rule 25(a)(1)(B), causing a copy to be served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

June 20, 2025

/s/ *Matthew S. Hellman*
Matthew S. Hellman